**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BETSY MACDONALD,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-1825-Orl-22DAB**

**CIRCLE K STORES, INC.,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the Court's initiative. The Court previously ordered Defendant to address jurisdictional issues concerning the amount in controversy, and Defendant responded. Doc. No. 5. Because Defendant's Response fails to satisfy the concerns addressed in the Order – particularly because Plaintiff has denied that her claims exceed the minimum jurisdictional amount of $75,000 – the Court finds that the case should be remanded.

On February 12, 2008, Plaintiff filed suit against Defendant in state court for seeking damages from a fall on Defendant's premises. Doc. No. 2. Attachments to the Notice of Removal filed by Defendant on October 23, 2008 (Doc. No. 1) indicate that Defendant was served with the personal injury Complaint on February 25, 2008. The Complaint does not allege $75,000 is in controversy; it merely alleges that the "damages exceed $15,000." The Court identified an issue as to whether the case should be remanded for lack of federal subject matter jurisdiction because the Defendant has not removed the action in a timely manner[1] and had not established the $75,000 jurisdictional amount in controversy to support diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. No. 4.

---

[1] However, the Court cannot *sua sponte* remand a case to state court for non-jurisdictional defects in the removal petition. *See* Doc. No. 4.

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

The Order to Show Cause raised the issue that diversity jurisdiction has not been established. According to the Complaint, Plaintiff was injured in a fall when she stepped on a foreign substance while in Defendant's store, and suffered injury. Doc. No. 2. In her state circuit court complaint, Plaintiff did not specify the amount of damages sought, simply declaring "[t]his is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, exclusive of interest, costs and attorney's fees." Doc. No. 2. Defendant filed a Notice of Removal (Doc. No. 1) in this Court pursuant to 28 U.S.C. § 1332, which confers federal district courts with original jurisdiction over "diversity" cases. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; [when the parties dispute jurisdiction], uncertainties are resolved in favor of remand.") Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Id.* at

1321. It is not possible for parties to consent to federal subject matter jurisdiction; it is a question of law for the Court to decide. *See id.* at 1318 (Eleventh Circuit raised *sua sponte* issue of whether the case involved a sufficient amount in controversy despite parties' stipulation that court had jurisdiction).

In its Notice of Removal, Defendant contends that the amount in controversy is met based on Plaintiff's Response to a Request for Admission. Doc. No. 1. Defendant served on the Plaintiff in the state court action a Request for Admissions stating, "Please admit that you are not seeking damages in excess of $75,000 in this case." Doc. No. 1-21 at 4. Plaintiff responded, "Admitted that the amount of economic damages in this matter does not exceed $75,000.00. Plaintiff cannot admit or deny whether the total damages including non-economic damages exceeds $75,000.00 as Florida Standard Jury Instruction 6.2(a) clearly states that 'there is no exact standard for measuring such damage.'" Doc. No. 1-21 at 5 (Plaintiff's Response to Defendant's Request for Admissions). Following a Motion to Compel in state court, Plaintiff amended the response to simply "Deny" the assertion that damages did not exceed $75,000. Doc. No. 1-55 at 1.

The Eleventh Circuit has set forth a procedure for trial courts to follow in determining whether the jurisdictional amount is satisfied at the time of removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams*, 269 F.3d at 1319. The court may consider evidence submitted after the notice of removal is filed. *Id.* The Court gave Defendant the opportunity via the Order to Show Cause to submit evidence relevant to the amount in controversy and Defendant failed to present any evidence other than the already submitted requests for admission. Defendant's reliance on the two district court cases it submitted (Doc. No. 5-6, 5-7) are inapposite because they deal exclusively with the timeliness of


the removal and the document triggering the third-day period, which are not at issue here since Plaintiff has not filed a motion to remand and the Court cannot *sua sponte* remand on that basis. *See Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001) (holding that § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction – even if made within the thirty day period).

Rather, the case of *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001) is directly on point. In *Williams*, the Eleventh Circuit *sua sponte* held that a plaintiff's denial regarding the amount in controversy does not carry any weight regarding the jurisdictional amount because there are a number of reasons why Plaintiff might want to deny that her damages do not exceed $75,000. *See id.* (plaintiff's refusal to stipulate that her claims do not exceed $75,000, standing alone, does not satisfy defendant's burden of proof because there are several reasons why a plaintiff would not so stipulate). In response to the Court's Order to Show Cause (Doc. No. 4), Defendant contends that "the amount of damages sought in this claim is uniquely within the knowledge of Plaintiff," thus, the case should not be remanded. Plaintiff's denial that her total damages do not exceed $75,000, is insufficient to confer subject matter jurisdiction on the Court.

It is the removing defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id*. at 1319. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319-20. Defendant has not supplied the Court with any published precedent showing that the damages in similar cases exceeded the jurisdictional threshold. *See, e.g., De Aguilar v. Boeing Company,* 11 F.3d 55, 58 (5th Cir. 1993) (defendant offered published precedent showing damages in similar cases); *Beardsworth v. Board of Commissioners,* 1995 WL 617585 at *3 (Oct. 18, 1995) (remanding for insufficient amount in controversy upon review of published damages awards for injuries to thumbs,

similar to plaintiff's injury). Alternatively, Defendant has failed to provide supporting documentation garnered through discovery of Plaintiff's medical expenses incurred as a result of the alleged injury.

On its face, Defendant's Notice of Removal fails to demonstrate an amount in controversy exceeding $75,000 by a preponderance of evidence; indeed, Defendant offers no evidence whatsoever that this claim is within the Court's jurisdiction. It is respectfully **RECOMMENDED** that the case be **REMANDED** to the state court from which it was removed.

**RECOMMENDED** in Orlando, Florida on November 12, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record