**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BETSY MACDONALD,**

            **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-1825-Orl-22DAB**

**CIRCLE K STORES, INC.,**

            **Defendant.**
_____

## ORDER

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's Report and Recommendation ("R&R") (Doc. No. 8), filed on November 12, 2008, recommending that this removed slip-and-fall action be remanded to state court based on Defendant's failure to establish the requisite amount in controversy.

Plaintiff's Complaint, initially filed in state court, alleged that Plaintiff was seeking damages exceeding $15,000, exclusive of attorney's fees and costs. (Doc. No. 2, ¶ 1.) Defendant sent Plaintiff a request for admission asking Plaintiff to admit that she was not seeking damages exceeding $75,000. Initially, Plaintiff admitted only that her economic damages did not exceed $75,000, but she refused to admit or deny that her total damages (including non-economic damages) did not exceed $75,000. Defendant successfully moved to compel a better response, whereupon Plaintiff amended her response and simply denied the initial question. On the strength of that response, Defendant removed the action to this Court.

*Sua sponte*, Judge Baker issue an order requiring Defendant to show cause why the case should not be remanded based on, *inter alia*, the proposition that Defendant had not established the

$75,000 amount in controversy. (Doc. No. 4.) Defendant filed a legal memorandum in response to the show-cause order. (Doc. No. 5.) Thereafter, Judge Baker issued the R&R recommending remand.

Judge Baker's rationale is that Plaintiff's answer to the request for admission - in which Plaintiff denied that her damages did not exceed $75,000 - is insufficient to satisfy the amount in controversy given the Eleventh Circuit's decision in *Williams v. Best Buy Co.,* 269 F.3d 1316 (11th Cir. 2001). In *Williams*, the appellate court determined that a plaintiff's refusal to stipulate that her damages did not exceed $75,000 was, "standing alone," insufficient to satisfy the defendant's burden of proof regarding the amount in controversy. 269 F.3d at 1320.

On review of the R&R, the undersigned judge agrees entirely with Judge Baker's reading of *Williams*. Although *Williams* involved a refusal to stipulate and the present case involves a denial of a request for admission, there appears to be no qualitative difference between the two. In both situations, a plaintiff is refusing to agree that his or her damages do not exceed the amount in controversy. Accordingly, as Judge Baker reasoned, *Williams* controls the outcome here.

In its Objection, Defendant does not actually address *Williams*. Instead, Defendant argues that Judge Baker erred in stating that Defendant did not present any evidence regarding the amount in controversy apart from the aforementioned answer to the request for admission. Defendant points out that in its response to Judge Baker's show-cause order, Defendant also relied on Plaintiff's answers to interrogatories.

At first blush, this objection seems well-taken, since Defendant did cite Plaintiff's interrogatory answers in its response to the show-cause order. (*See* Doc. No. 5, ¶ 10.) However, Defendant's position does not withstand closer scrutiny. Although Defendant characterizes Plaintiff's interrogatory answers as "evidence," the answers do not qualify as such. In that regard, the

interrogatory answers that Defendant has filed expressly state they are "unverified," and they are not signed by Plaintiff. (Ex. A to Doc. No. 5.) Based on those deficiencies, the "answers" do not qualify as "evidence." *Williams* makes clear that "summary-judgment-type evidence" is contemplated on this point, 269 F.3d at 1319, and unsworn and unsigned interrogatory "answers" plainly do not pass summary judgment muster. Accordingly, Judge Baker's observation that Defendant did not submit any "evidence" other than the response to the request for admissions is quite literally true.[1]

In sum, Judge Baker afforded Defendant the opportunity to present evidence establishing the amount in controversy by a preponderance of the evidence, but Defendant failed to meet that burden. Defendant still has not done so in connection with its objections to the R&R. Accordingly, the case must be remanded to the state court from whence it came.[2]

Based on the foregoing, it is ORDERED as follows:

1. The Report and Recommendation (Doc. No. 8), filed on November 12, 2008, is APPROVED AND ADOPTED.

---

[1]Even if the interrogatory "answers" are properly considered, they are still insufficient to establish the necessary amount in controversy by a preponderance of the evidence. The interrogatory "answers" merely establish the possibility - not a probability - that the Plaintiff's damages might exceed $75,000.

[2]In *Williams,* the Eleventh Circuit concluded that the record was insufficiently developed regarding the amount in controversy; accordingly, the appellate court sent the case back to the district court "for the limited purpose of developing the record and making findings of fact with regard to the amount in controversy at the time of removal." 269 F.3d at 1321. Here, in contrast to *Williams*, Defendant was afforded ample opportunity to present evidence regarding the jurisdictional question, Defendant attempted to do so, and that "evidence" has been found wanting.

2. Defendant's Objection to Report and Recommendation (Doc. No. 9), filed on November 21, 2008, is OVERRULED.

3. This case is REMANDED to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. The state court case number prior to removal was 2008-30513CICI Div. 31.

4. The Clerk shall close the case in this Court.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 16, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge
Clerk of Volusia County Circuit Court

ANNE C. CONWAY
United States District Judge